UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MORRIS C. GOTTESMAN, ET AL              CIVIL ACTION

VERSUS                                   NO. 06-9286

ENCOMPASS INSURANCE COMPANY              SECTION "C" (4)
OF AMERICAN, ET AL

ORDER AND REASONS

This matter comes before the Court on motion to remand filed by the plaintiffs, Morris C. Gottesman and Allena M. Gottesman.  Having considered the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiffs' claims concern unpaid claims made under an insurance policy issued by defendant Encompass Insurance Company of America ("Encompass") to the plaintiffs regarding two pieces of property.  The plaintiffs claim that they had retained Stone Insurance, Inc.  ("Stone") and its agent, Bo Sanders ("Sanders") to consolidate the coverage on the second house into the Encompass policy at some time prior to November 5, 2004,  when the policy was issued.   They allege that when they received

the paperwork on the coverage, they "immediately advised Bo Sanders that this was woefully inadequate and should be raised" and were "assured" that the coverage would be raised. They claim that Sanders failed to raise the coverage prior to August 29, 2005, when the property was damaged in Hurricane Katrina. (Pet. ¶¶ 4 - 9). They claim that Sanders was negligent in failing to procure the requested insurance and failing to increase coverage when notified of the inadequacy of the initial coverage. (Pet. ¶ 14B). The plaintiffs claim that Stone is vicariously liable for the negligence of Sanders. (Pet. ¶ 14C).[1]

This matter was removed on the basis of diversity. Encompass, Stone and Sanders argue that Stone, and presumably Sanders, were improperly joined in order to defeat removal. "The burden of persuasion placed upon those who cry `fraudulent (improper) joinder' is indeed a heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). The removing party must demonstrate that there is no possibility that the plaintiffs would be able to establish a cause of action against the non-diverse defendants in state court. Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994). This "stated differently means that there is no reasonable basis for the district court to predict that

---

[1] Stone and Sanders allege that the residences were included in a single Encompass policy on July 8, 2005, but there is no issue that the annual policy's term began November 5, 2004, both dates more than one year prior to filing suit on August 28, 2006.

the plaintiff might be able to recover against an in-state defendant.." Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 572 (5th Cir. 2004)(en banc).   See also Melder v. Allstate Corp, 404 F.3d 328,330 (5th Cir. 2005)(""[A]t issue is whether Defendants have established there is no reasonable basis Plaintiffs might be able to recover under Louisiana state law against the non-diverse defendant ..."   A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder.  Smallwood, 385 F.3d at 572.

    The Court's "prediction" can be resolved in two ways: (1) by undertaking a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim against the in-state defendant or (2) where a claim has been stated but misstated or omitted discrete facts determinative of the propriety of joinder,  minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."   Id.   "[T]he inability of the to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden."  Id.

    Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify the

3

client if he has failed to obtain the insurance requested.  Southern Athletic Club, LLC v. Hanover Ins. Co., 2006 WL 2583406 at *4 (citing Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d. 728, 730-31 (La. 1973)).  If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. Id. However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. Id. (citing Graves v. St. Farm Mut. Auto Ins. Co., 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)).  On the other hand, it is unreasonable to assume that the agent is obligated to procure insurance that the client has not requested.  Dooley v. Wright, 501 So.2d 980, 985 (La. App. 2 Cir. 1987), writ denied, 512 So.2d 442 (La. 1987).

  The Court finds that the plaintiffs have stated a claim against Stone and Sanders for breach of duty with regard to the procurement and correction of the subject insurance for purposes of improper joinder.   The issue of prescription and preemption is governed by under La. Rev. Stat. 9:5606A:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent

> jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Encompass argues that any claim against Stone that any alleged misconduct occurred in November 2004 when the policy was issued, and Stone and Sanders allege issuance of the policy was in July 2005. Both argue that the plaintiffs should have discovered any alleged negligence in coverage when they received the policy and should have read it.

The Court finds that the prescription and preemption arguments are unavailing. The gist of the plaintiffs' claims comes from the fact that they <u>did</u> read the policy and that Stone and Sanders did not respond to their notice that the coverage was inadequate and further, that Sanders "assured" them that the problem would be corrected. The related argument that the claims are misjoined is also unpersuasive, in light of the connexity of the claims against Encompass and the agents based on the underlying alleged loss.[2]

The Court is mindful that removal jurisdiction is strictly construed. <u>See:</u> <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941); <u>Brown v. Demco, Inc.</u>, 792 F.2d

---

[2] The Court also rejects Encompass's argument that Stone can not be held liable as a disclosed agent of Encompass for purposes of improper joinder. That issue can be revisited in state court, if appropriate.

478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that the motion to remand filed by the plaintiffs, Morris C. Gottesman and Allena M. Gottesman, (Rec. Doc. 7). is GRANTED.  (Rec. Doc. 13).  This matter is hereby REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 17th day of January, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE